MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESSE C. PHILLIPS (B-62167)
  Plaintiff,

vs.

CASE No:
(To be supplied by the Clerk of this Court)

CARLE CLINIC,
MICHAEL A. NOVAK, MD.
  Defendants.

08CV4459
JUDGE GOTTSCHALL
MAGISTRATE JUDGE MASON

RECEIVED
AUG 07 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHECK ONE ONLY:

✓  COMPLAINT UNDER THE CIVIL RIGHTS ACT,
   TITLE 42 SECTION 1983
   U.S. Code (state, county, or municipal defendants)

___ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION),
    TITLE 28 SECTION 1331 U.S. Code (federal defendants)

___ OTHER (cite statute, if known)

1

I. Plaintiff(s):

A. Name: Jesse C. Phillips

B. List all aliases: None

C. Prisoner identification number: # B-62167

D. Place of present confinement: Lawrence Correctional Center

E. Address: R.R. #2, Box 31  Sumner, Illinois 62466

II. Defendant(s):

A. Defendant: Carle Clinic
   Title: Division of Otolaryngology - Urbana
   Place of Employment:

B. Defendant: Dr. Michael A. Novak
   Title: Medical Doctor / Physician
   Place of Employment: Carle Clinic (North Clinic 4th Floor)

III. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution? YES (✓)   NO ( )   If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint? YES (✓)   NO ( )

C. If your answer is YES:
   1. What steps did you take?

   2. What was the result?

   3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

3

D. If your answer is NO, explain why not:
I was housed in the Illinois Department of Corrections when I learned I was deceived by a physician at Carle Clinic. The prison's grievance procedures are for occurrences within the Illinois Department of Corrections, not outside medical providers.

E. Is the grievance procedure now completed? YES ( )   NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( )   NO (✓)

G. If your answer is YES:
1. What steps did you take?
_____
_____
_____

2. What was the result?
_____
_____
_____

H. If your answer is NO, explain why not:
I did not know I had been deceived until I was informed by another doctor at another penal institution.

4

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: Phillips v. Cook County et al., Case No: 07 C 2394

B. Approximate date of filing lawsuit: May 1, 2007

C. List all plaintiffs, including any aliases: N/A

D. List all defendants: Thomas Dart, as Sheriff of Cook County, and Administrator of the Cook County Department of Corrections; Michael Sheahan, as former Sheriff of Cook County, and former Administrator of the Cook County Department of Corrections; Cook County Department of Corrections, a political subdivision of Cook County, Illinois; Brendan Reilly, as Chair of the Cook County Department of Medicine and Administrator of the John H. Stroger, Jr. Hospital f/k/a Cook County Hospital; Ruth Rothstein, as former Chief of the Cook County Bureau of Health Services and former Administrator of the Cook County Hospital; John H. Stroger, Jr. Hospital f/k/a Cook County Hospital, a political subdivision of Cook County, Illinois; Roger E. Walker, as Director of the Illinois Department of Corrections; Lee Ryker, Warden of the Lawrence Correctional Center; and Illinois Department of Corrections, a political subdivision of the State of Illinois.

5

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
United States District Court for the
Northern District of Illinois
Eastern Division

F. Name of judge to whom case was assigned:
Honorable Joan B. Gottschall
Magistrate Judge Mason

G. Basic claim made: Deliberate indifference

H. Disposition of this case: Defendants Dart and Sheahan's motion to dismiss the complaint as out of time is granted. Defendant's request for costs to be charged against the Plaintiff because the suit is frivolous is denied. Defendants Ryker and Walker's motion to dismiss the complaint is granted in part and denied in part. Plaintiff is directed to file a second amended complaint in which he eliminates his request for money damages from Ryker and Walker within twenty-one (21) days of the date of the court's opinion. An appeal was filed on July 25, 2008 and is currently pending. No second amended complaint is being filed.

I. Approximate date of disposition: July 1, 2008

6

V. Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.

(1) In November, 1993, I was incarcerated in Cook County Jail as a pre-trial detainee pursuant to criminal proceedings in the Circuit Court of Cook County, Illinois.

(2) As of November 7, 1993, I was suffering from a right ear cholesteatoma.

(3) On or about November 7, 1993, I was transported from the Cook County Department of Corrections to the Cook County Hospital where Doctors Conley, Powell and Morganstein treated my right ear cholesteatoma, giving me a right radical tympanomastoidectomy on November 8, 1993.

(4) During this procedure, the treating physicians installed "Packing" into my right ear canal.

7

(5) As of November 9, 1993, I was in need of specialized medical treatment and care to monitor my symptoms and alleviate the discomfort I was experiencing as a result of the above-described treatment.

(6) On November 9, 1993, medical personnel at the Cook County Hospital made specific written recommendations to the Cook County Department of Corrections for my treatment and care.

(7) Following the above-mentioned examination and treatment by Cook County Hospital medical personnel, I was not further examined or treated by any Cook County Hospital medical personnel or other medical specialist while incarcerated in the Cook County Department of Corrections, contrary to the written directives of Cook County Hospital.

(8) On November 9, 1993, I was examined and treated by medical personnel from the Cook County Department of Corrections. At this time, the medical personnel made specific written recommendations to the Cook County Department of Corrections for my treatment and care.

(9) I was examined and/or treated by Cook County Department of Corrections medical personnel on almost a daily basis from November 9, 1993 to my transfer to the Illinois Department of Corrections in December, 1994. During these examinations, the recommendations of both the Cook County Hospital and medical

8

personnel from the Cook County Department of Corrections were ignored and/or refused by Cook County Hospital and the Cook County Department of Corrections and their employees; my needs for specialized treatment and care were ignored and/or refused by Cook County Hospital and Cook County Department of Corrections and their employees; the Sheriff of Cook County and/or his employees denied me treatment that was prescribed for me.

(10) On or about May 2006, I was confined as a prisoner in a penal institution at Lawrence Correctional Center in Sumner, Illinois, pursuant to criminal proceedings in the 13th Judicial Circuit of Illinois.

(11) In or about May 2006, I was seen and treated by Illinois Department of Corrections medical personnel for complaints arising from and related to pain and fluid draining from my right ear. I was treated, inter alia, with various medications.

(12) On or about April 24, 2006, medical personnel at Lawrence Correctional Center observed "Packing" material and its resultant infection in my right ear that was left from my surgery on November 9, 1993.

(13) On or about May 14, 2006, medical personnel at Lawrence Correctional Center referred me to an outside medical provider because my right ear was infected, draining a yellow foul-smelling discharge, and my tympanic membrane was discolored.

9

(14) On July 20, 2006, medical personnel at Lawrence Correctional Center, upon the recommendation of an outside medical provider, approved a further tympanoplasty/mastoidectomy surgical procedure.

(15) From July 20, 2006 to April 17, 2007, I did not receive the surgical procedure approved by the outside medical provider.

(16) On or about April 17, 2007, I was examined and treated by Dr. Michael A. Novak from Carle Clinic in Urbana, Illinois. At this time, Dr. Novak indicated to me that he removed the "Packing" from my right ear and that the approved surgical procedure was no longer necessary.

(17) On or about April 17, 2007, Dr. Novak made specific written recommendations to Lawrence Correctional Center for my treatment and care.

(18) I was examined and/or treated by Lawrence Correctional Center's medical personnel on almost a daily basis from April 17, 2007 to my transfer to Stateville Correctional Center in Joliet, Illinois in June, 2007 pursuant to a Court Order from the 3rd District Appellate Court of Illinois.

(19) I was transferred to LaSalle County Jail from Stateville Correctional Center in June 2007 pursuant to a Court Order

from the 3rd District Appellate Court of Illinois.

(20) From June, 2007, to September, 2007, I was in need of specialized medical treatment and care arising from complaints that I was having constant headaches and fluids draining from my right ear.

(21) From June, 2007, to September, 2007, I was examined and treated for the headaches by LaSalle County Jail's medical personnel and was given mineral oil to alleviate some of the drainage from my right ear.

(22) From July, 2007, to September, 2007, I was further examined by Dr. Cullinan MD., while at the LaSalle County Jail who informed me that the "Packing" material was still inside of my right ear, and that he could not perform the necessary medical treatment because of lack of medical equipment at the LaSalle County Jail.

(23) On or about September 20, 2007, I was transferred to Stateville Correctional Center in Joliet, Illinois from the LaSalle County Jail in Ottawa, Illinois due to a Court Order from the 13th Judicial Circuit of Illinois.

(24) On or about October, 2007, I was examined by the Stateville Correctional Center's medical personnel pursuant

11

to Illinois Department of Corrections' policies, procedures and practices designed for incoming prisoners entering the I.D.O.C. system.

(25) During this examination I was informed by the Stateville Correctional Center medical personnel that I still had "Packing" material inside of my right ear.

(26) On or about October, 2007, I was transferred back to Lawrence Correctional Center from Stateville Correctional Center, where I informed the medical personnel at Lawrence Correctional Center I was having ear problems.

(27) From October, 2007, to July, 2008, I was examined and treated by Lawrence Correctional Center's medical personnel on almost a daily basis.

(28) On or about July, 2008, while being examined by the Lawrence Correctional Center's medical doctor, I was informed by another medical doctor, Dr. Elaine Hardy, that Dr. Novak at Carle Clinic in Urbana, Illinois, did not remove the "Packing" material as he indicated in April, 2007.

(29) Carle Clinic, in deliberate indifference to the health and safety of the Plaintiff, established policies and procedures which ensured that patients who were examined at Carle Clinic

not be treated, or receive adequate and/or necessary medical care to its patients.

(30) In the alternative, Dr. Michael A. Novak, in deliberate indifference to the health and safety of the Plaintiff's serious medical needs, established policies and procedures which ensured that patients who were examined at Carle Clinic, not be treated, or receive adequate and/or necessary medical care to its patients.

(31) In the alternative, Dr. Michael A. Novak, in deliberate indifference to the health and safety of the Plaintiff's serious medical needs, established policies and procedures which ensures that patients who were examined at Carle Clinic, be deceived pertaining to medical diagnosis, medical examinations and treatments.

(32) As a result of the deceptive medical practice and deliberate indifference of the Defendants, I continue to suffer severe and irreparable damage to my right ear. In addition, I now suffer from lack of trust and emotional stress and will continue to do so.

VI. Relief:

I request that the Court award me compensatory and punitive damages.

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 3 day of August, 2008.

*Jesse C. Phillips*
(Signature of Plaintiff)

Jesse C. Phillips
(Print Name)

B-62167
(I.D. Number)

Lawrence Correctional Center
R.R. #2, Box 31
Sumner, Illinois 62466
(Address)

## HEALTH CARE UNIT
## MEDICAL FURLOUGH

**FACILITY:** LAWRENCE CORRECTIONAL CENTER

**DATE:** April 11, 2007

**TO:** Record Office

**FROM:** Julie Morris
Medical Records

**SUBJECT:** Medical Furlough

A medical furlough is being requested for the below named inmate:

**Name:** Jesse Phillips

**Inmate ID Number:** B62167

**Reason:** Office Evaluation

**Appointment Date/Time:** April 17, 2007 be there by 2:00pm (approx time 1 hr)

**Hospital / Facility:** Carle Clinic (North Clinic 4th Floor)

**Physician / Department:** Dr. Novak

**Address:** 602 W University

**City:** Urbana IL    PH# 217 326 1894

**Transportation:** State Car ( x )    Ambulance ( )

_____
Health Care Unit Administrator

(Approved)   Disapproved

_____
Warden

**Special Instructions:** none

DCA 17841
IL426-12158 (rev. 12/89)

To: Mary Loftin, M.D.            From: ChartScript Ripujeet x2013        Page 1 of 2            Thursday, April 19

```
159-35-14                          RE: Jesse Phillips
DIVISION OF OTOLARYNGOLOGY - URBANA
DATE:  04/17/2007
```

Mr. Phillips is seen for recurrent drainage in the right ear. He reports that he is about 14 years' status post right mastoidectomy for probable cholesteatoma. He has a long history of drainage from the right ear. He has had some number of visits to otolaryngologists in Effingham and Springfield and has been having the ear cleaned it looks like two or three times a year. He is not using any eardrops at the present time. He is using boric acid solution in the ear. The young man denies any vertigo. He has known hearing loss in the right ear, but he has not had any problems with the left ear. He denies any hearing loss in the left. He denies vertigo. He does have some tinnitus on the right. He denies headaches on either side.

PHYSICAL EXAMINATION: With the operating microscope the left pinna and external canal are normal. Tympanic membrane is normal. On the right side, the external meatus is open. He has small mastoid cavity that was cleaned using suction and some micro-instruments. Squamous debris was removed and ear drop debris was removed. The mastoid cavity itself is relatively clean and dry as is the posterior tympanic membrane. He has granulation tissue over the anterior portion of the promontory and may have opening into the eustachian tube itself.

The CT scans simply show postoperative deficits. No evidence of cholesteatoma was identified.

The remainder of the head and neck exam was normal.

IMPRESSION: Status post right modified radical or radical mastoidectomy with middle ear atelectasis. He does have granulation tissue anteriorly accounting for the drainage.

RECOMMENDATIONS: Trichloroacetic acid was placed on the granulation tissue. I would have him use Ciprodex drops in the ear for the next couple of weeks and then switch to either hydrogen peroxide irrigations two or three times a week if the ear is dry or even a vinegar alcohol solution if the ear is dry. Boric acid also is a satisfactory option. I do not see any reason for surgical intervention at this point. Most likely with office care this can be handled quite nicely with possibly recurrent cauterization and use of antibiotic containing eardrops over a period of several weeks to several months. Then if it cannot be cleared adequately, revise in the cavity may be helpful. This is care that we are certainly happy to do here. I think it is readily available much closer to Lawrence and certainly that would be an option since this is mainly local cavity care.

Copy for: Mary Loftin, M.D.

To: Mary, Loftin, M.D.        From: ChartScript Ripujeet x2013        Page 2 of 2        Thursday, April 19

Thank you for asking me to see your patient. The above is my dictated report, including my impressions and plan.

If you have any questions or feel that we need to talk, please do not hesitate to give me a call. I can be reached at Carle Clinic (217) 383-3130 or by fax (217) 383-4451.

Thanks again for allowing me to participate in the care of your patient.


cc: Mary Loftin, M.D.


Michael A. Novak, MD
smt/8509258/008716357
Dictated: 04/17/2007
Typed: 04/19/2007 12:39 P
HERR
(InfoTech: Shell OC)


Electronically Signed: Michael A Novak, MD 04/19/2007 13:24:12

4/24/07

Copy for: Mary Loftin, M.D.

IN THE
U.S. District Court for the
Northern District of Illinois
Eastern Division

Jesse C. Phillips
Plaintiff,

v.

Carle Clinic
Defendant

) Case No. _____
)
)
)
)
)
)

## PROOF/CERTIFICATE OF SERVICE

TO: Prisoner Correspondence Clerk's Office     TO: _____
U.S. District Court
219 S. Dearborn Street
Chicago, Illinois 60604

TO: _____     TO: _____

PLEASE TAKE NOTICE that on __August 3__, 20__08__, I have placed the documents listed below in the institutional mail at __Lawrence__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: __(1) Complaint__

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: __8/3/2008__

/s/ __Jesse C. Phillips__
NAME: __Jesse C. Phillips__
IDOC#: __B-62167__
__Lawrence__ Correctional Center
~~P.O.~~ BOX __31__, R.R. #2
__Sumner__, IL __62466__

Revised February 2005